UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

**Fill in this information to identify your case:**

Debtor 1: Casey Michael Timm
(First Name  Middle Name  Last Name)

Debtor 2: _____
(Spouse, if filing) (First Name  Middle Name  Last Name)

Case No.: 24-80525

☐ Check if this is an Amended Plan

Local Form 3015-1 (Nebraska)

# Chapter 13 Plan

Revised 01/2022

## Notices

**To Debtors:** **You must use this Local Form 3015-1 Chapter 13 Plan in your Chapter 13 bankruptcy case. If you do not use this form, the court will not confirm your plan.**

Provisions of this plan that seek to limit the amount of a secured claim or the value of collateral or which seek to avoid a security interest or strip a lien are not effective. To limit the amount of any claim or the value of collateral you must object to the claim. To avoid a security interest or strip a lien, you must file an adversary proceeding or motion, as appropriate.

You must check one box below. If you want nonstandard provisions in Part 11 of this plan to be effective, you must check the box "Included". If you check the box "Not Included", if you check both boxes, or if you do not check a box, any provisions contained in Part 11 are not effective.

Nonstandard provisions in Part 11 are:    ☒ Included    ☐ Not included

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

**You must timely file a proof of claim in this case to be paid under this plan.** The debt amount and the value of any collateral stated in your proof of claim controls the amount you will be paid. The Debtor(s) may object to these amounts. The Debtor(s) must file a motion or an adversary proceeding to avoid your security interest. Secured creditors are paid interest in the amount and from the date stated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose how this plan treats your claim or any provision of this plan, you must file an objection to confirmation no later than the date designated in the attached Notice of Resistance Deadline. The court may confirm this plan without further notice if no objection is filed. See Fed. R. Bankr. P. 3015.

## Part 1: Plan Payments and Length of Plan

A. **Disposable Income.** The Debtor(s) submit to the Chapter 13 trustee, all projected disposable income received during this plan's commitment period. The payment schedule follows: (Insert additional lines if needed)

| A. Monthly Payment Amount (include any previous payments) | B. Number of Payments Payments Made To Date: | Base Amount (A × B) |
|---|---|---|
| $620 | 40 | $24,800.00 |
| $1,032 | 20 | $20,640.00 |
| $ | | |
| | Total Plan Base Amount: | $45,440.00 |

B. **Payment Method.** The Debtor(s) will make regular payments to the trustee from future income as follows:

*Check all that apply:*

☐ Pursuant to a payroll deduction order. *Complete the following*:

Employee's name from whom the check payment is deducted:

Employer's name, address, city, state, phone:


The Debtor is paid:   ☐ Monthly    ☐ Twice Monthly    ☐ Weekly    ☐ Biweekly    ☐ Other:

☒ Direct payments to the trustee.

☐ Other (specify method of payment):

For cases with employer payroll deductions, debtors must pay the trustee directly by money order or cashier's check until the deduction begins. For plans requiring pre-confirmation adequate protection payments or lease payments, debtors must immediately begin making plan payments to the trustee. For plans without pre-confirmation payments, debtors must begin making plan payments within 30 days after filing the bankruptcy petition.

This plan cures any arrearage in payments to the trustee under any prior plan in this case.

## Part 2: Order of Payment of Claims

The trustee will deduct trustee fees under 28 U.S.C. § 586(e). The trustee will pay claims in the following order, and unless otherwise provided, claims within each class will be paid pro rata:

1. Pre-confirmation payments for adequate protection or leases of personal property;

2. Minimum monthly payments to secured creditors listed in Part 6 of this plan, minimum arrearage payments and regular executory contract payments due on executory contracts and leases listed in Part 7, and minimum monthly payments on arrearages for priority domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

3. Debtor's attorney's fees and costs approved by the court (The Debtor's attorney should not designate a monthly payment for attorney fees);

4. Secured claims listed in Part 6, arrearages on executory contracts and leases listed in Part 7, and domestic support claims under 11 U.S.C. § 507(a)(1)(A) listed in Part 5(B);

5. Other administrative expense claims under 11 U.S.C. § 503 and Chapter 7 trustee compensation allowed under 11 U.S.C. § 1326(b)(3);

6. Other priority claims in 11 U.S.C. § 507(a) including post-petition tax claims under 11 U.S.C. § 1305;

7. Payments on co-signed unsecured claims listed in Part 8;

8. General unsecured claims.

## Part 3: Treatment of § 1326(a) Pre-Confirmation Adequate Protection and Lease Payments

The trustee will pay the creditors listed below pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property without a court order. Debtors who propose pre-confirmation payments must immediately begin making plan payments to the trustee. Creditors must timely file a claim to receive payment. The trustee will pay a creditor within 30 days after the creditor files a proof of claim unless the trustee does not have funds available within 7 working days before 30-day period ends. Post-confirmation payments are paid under Parts 6 and 7 of this plan.

| Creditor's Name | Creditor's Full Address | Last Four Digits of Account # | Date Next Payment is Due | Payment Amount |
|---|---|---|---|---|
| Global Lending Services LLC | Attn: Bankruptcy, PO Box 10437, Greenville, SC 29603 | 8018 | 07/25/24 | $337 |

## Part 4: Treatment of Administrative Claims

The trustee will deduct trustee fees from each payment the trustee receives. The maximum amount of Chapter 13 attorney fees and expenses (Standard Allowable Amount "SAA") that a debtor's attorney may include in this plan is in Neb. R. Bankr. P. 2016-1(A)(4) and Appendix "K". A debtor's attorney must seek additional fees or costs over the SAA under the "ALC Fees" process or in a separate fee application. Fees and costs requested are:

| SAA Fees Requested | Fees Received Before Filing | Balance of SAA Fees Paid in Plan |
|---|---|---|
| $4,400.00 | $3,106.00 | $1,294.00 |

| SAA Expenses Requested | Expenses Received Before Filing | Balance of SAA Expenses Paid in Plan |
|---|---|---|
| $300.00 | $0.00 | $300.00 |

## Part 5: Treatment of Priority Claims

All claims entitled to priority under 11 U.S.C. § 507(a) must be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment, except for a priority claim under 11 U.S.C. § 507(a)(1)(B). See 11 U.S.C. § 1322(a). Also, all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, must be treated as a general unsecured claim, and are not entitled to priority.

A. **Domestic Support Obligations**

☒ None. If "None" is checked, you do not need to complete or include the rest of § 5(A).

B. **Arrearages Owed to Domestic Support Obligation Holders Under 11 U.S.C. § 507(a)(1)(A)**

☒ None. If "None" is checked, you do not need to complete or include the rest of § 5(B).

C. **Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. § 507(a)(1)(B)**

☒ None. If "None" is checked, you do not need to complete or include the rest of § 5(C).

D. **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305**

☒ None. If "None" is checked, you do not need to complete or include the rest of § 5(D).

E. **Chapter 7 Trustee Compensation Allowed Under 11 U.S.C. § 1326(b)(3)**

☒ None. If "None" is checked, you do not need to complete or include the rest of § 5(E).

F. **Other Priority Claims**

Provisions for treatment must be in Part 11 of this plan.

## Part 6: Treatment of Secured Claims

**A.1 Home Mortgage Claims (including claims secured by real property the Debtor(s) intend to retain)**

☐ None. If "None" is checked, you do not need to complete or include the rest of § 6(A).

Unless otherwise provided in this plan, the Debtor(s) will pay all post-petition mortgage payments directly to each mortgage creditor as they come due, beginning with the first due date after the case is filed. The mortgage creditor will retain any lien securing its claim. Any pre-petition arrearage must be paid through this Chapter 13 plan with interest provided below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the Debtor(s) to object.

| Creditor's Name | Collateral | Estimated Pre-Petition Arrearage | Pre-Confirmation Interest Rate & Dollar Amount Limit (if any) | Post-Confirmation Interest Rate | Minimum Monthly Payment Amount on Pre-Petition Arrears | Total Payments on Pre-Petition Arrears Plus Interest |
|---|---|---|---|---|---|---|
| West Gate Bank | Personal Residence | | 2.875% | 2.875% | | $0.00 |
| Veridian Credit Union | Personal Residence | | 7.000% | 7.000% | | $0.00 |

**A.2 Claims Secured by Real Property to be Paid in Full**

☐ The following claims secured by real property will be paid in full through the Chapter 13 plan:

| Creditor's Name | Collateral | Pre-Confirmation Interest Rate & Dollar Amount Limit (if any) | Post-Confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|
| -- | -- | -- | -- | -- | -- |

**B. Post-Confirmation Payments to Creditors Secured by Personal Property**

Post-confirmation payments to creditors holding claims secured by personal property will be paid as set forth in subparagraphs (1) and (2):

1. **Secured Claims excluded from 11 U.S.C. § 506**

    ☐ None. If "None" is checked, you do not need to complete or include the rest of § 6(B)(1).

    Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value," incurred within one year prior to filing of the bankruptcy. These claims will be paid in full, with interest as provided below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below:

| Creditor's Name | Collateral | Estimated Claim Amount | Pre-Confirmation Interest Rate & Dollar Amount Limit (if any) | Post-Confirmation Interest Rate | Minimum Monthly Payment Amount | Total Payments Plus Interest |
|---|---|---|---|---|---|---|
| Global Lending Services LLC | 2018 Chrysler 300 S | $17,021.00 | 13.30% | 13.30% | $337 | $23,767.25 |

2. **Secured Claims in which § 506 Valuation is Applicable**

    ☒ None. If "None" is checked, you do not need to complete or include the rest of § 6(B)(2).

**C. Surrender of Collateral**

☐ None. If "None" is checked, you do not need to complete or include the rest of § 6(C).

The Debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim. Any secured claim filed by creditors listed below will be deemed satisfied in full through surrender of the collateral. The Debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and the stay under § 1301 be terminated in all respects.

| Creditor's Name | Collateral to be Surrendered |
|---|---|
| Bankers Healthcare Group, LLC/Bank of Tioga | Ceiling Fan Inventory |

**D. Lien Avoidance and Lien Stripping**

☒ None. If "None" is checked, you do not need to complete or include the rest of § 6(D).

## Part 7:  Treatment of Executory Contracts and Leases

☒ None. If "None" is checked, you do not need to complete or include the rest of Part 7.

## Part 8:  Treatment of Co-Signed Unsecured Debts

☒ None. If "None" is checked, you do not need to complete or include the rest of Part 8.

## Part 9:  Treatment of Unsecured Claims

Unsecured claims will be paid pro rata from remaining funds.

| Part 10: | Additional Provisions |
|---|---|

1. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

2. Property of the estate, including the Debtor(s)' current and future income, will revest in the Debtor(s) after a discharge is entered, and the Debtor(s) will have the sole right to use and possess property of the estate during this case.

3. To obtain distributions under this plan, a creditor must file a proof of claim no later than 70 days after the petition is filed, except as provided in Rule 3002(c) of the Federal Rules of Bankruptcy Procedure.

4. Unless otherwise provided in this plan or ordered by the court, the holder of each allowed secured claim provided under this plan will retain the lien securing its claim under 11 U.S.C. § 1325(a)(5)(B).

5. After the bar date to file a proof of claim for non-governmental units passes, limited notice/service is approved for all post-confirmation motions, including applications for fees, amended plans, and other motions. Any motion must be served on all parties in interest. For purposes of this limited notice provision, a "party in interest" is a party directly affected by the motion, a creditor who filed a proof of claim, a party who filed a request for notice, any governmental agency or unit that is a creditor, and all secured or priority creditors. Any pleading filed with limited notice must include a certificate of service that specifically states it was served with limited notice on all parties in interest under Neb. R. Bankr. P. 9013-1(E)(1). If a certificate of service is not filed, the motion will be deferred or denied.

| Part 11: | Nonstandard Plan Provisions |
|---|---|

Nonstandard plan provisions must be set forth below. A nonstandard provision is a provision not otherwise included in, or which deviates from, this Local Form. Nonstandard provisions contained in any other Part of this plan are not effective.

The following plan provisions are effective only if the Debtor(s) checked the box "Included" in the Notice section above.

* Home mortgage claims: the amount of pre-petition arrears, if any, is determined by the proof of claim, subject to the right of the debtor(s) to object to the amount set forth in the claim.
* Debtor will turn over his annual NET bonus to the Trustee each year, in addition to the base amount listed above.

### Notice of Resistance Deadline

Any resistance to this plan or request for a hearing must be filed with the bankruptcy clerk (see original notice of bankruptcy for the address) and served on the attorney for the Debtor(s) at the address listed below (or served on the Debtor(s), if not represented by an attorney), on or before:

*Check one:*

☐    14 days after the conclusion of the meeting of creditors; or

☒    08/20/24    (Use a specific calendar date which is at least 21 days after the date the plan is filed with the court).

If a resistance or request for a hearing is timely filed and served, the court will handle the resistance under Neb. R. Bankr. P. 3015-2. If no objection to confirmation is filed, the court may confirm this plan without further hearing.

### Certificate of Service

On    07/08/24   , the undersigned mailed a copy of this plan to all creditors, parties in interest, and those requesting notice, by first class United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to serve: Erin M. McCartney, Standing Chapter 13 Trustee, District of Nebraska.

Dated:    07/08/24

Casey Michael Timm

Debtor(s)

By: */s/ Johnny J. Turco*

Johnny J. Turco, #26867
John T. Turco & Associates, PC, LLO
2580 S 90th St, Ste 100
Omaha, NE 68124
Phone:  (402) 933-8600
Fax:    (402) 934-2848
Johnny.Turco@JohnTurcoLaw.com
Attorney for Debtor(s)

* By filing this document, the attorney for the Debtor(s) or the Debtor(s) themselves, if not represented by an attorney certify(ies), that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form 3015-1 Chapter 13 Plan for the United States Bankruptcy Court for the District of Nebraska, other than any nonstandard provisions included in PART 11.

```
Label Matrix for local noticing          American Express National Bank           Casey Michael Timm
0867-8                                   c/o Zwicker & Associates, P.C.           14712 Erskine St
Case 24-80525-BSK                        80 Minuteman Road                        Omaha, NE 68116-5121
District of Nebraska                     P.O. Box 9043
Omaha Office                             Andover, MA 01810-0943
Mon Jul  8 15:38:40 CDT 2024

Amazon                                   Amex                                     (p)BANK OF AMERICA
410 Terry Ave N                          Correspondence/Bankruptcy                PO BOX 982238
Seattle, WA 98109-5210                   Po Box 981540                            EL PASO TX 79998-2238
                                         El Paso, TX 79998-1540


(p)BANKERS HEALTHCARE GROUP LLC          Bankers Healthcare Group, LLC (BHG)      Boys Town Research Hospital
ATTN BANKRUPTCY DEPT                     201 Solar St                             PO BOX 130
201 SOLAR STREET                         Syracuse, NY 13204-1425                  Boys Town, NE 68010-0130
SYRACUSE NY 13204-1425


Centris Fed Credit Union                 (p)JPMORGAN CHASE BANK  N A              (p)CALI LAW OFFICES LLC
Attn: Bankruptcy                         BANKRUPTCY MAIL INTAKE TEAM              201 SOLAR STREET
11825 Q St                               700 KANSAS LANE FLOOR 01                 SYRACUSE NY 13204-1425
Omaha, NE 68137-3503                     MONROE LA 71203-4774


Citibank                                 Discover Bank                            Discover Financial
Citicorp Cr Srvs/Centralized Bankruptcy  PO Box 3025                              Attn: Bankruptcy
Po Box 790040                            New Albany, OH  43054-3025               Po Box 3025
St Louis, MO 63179-0040                                                           New Albany, OH 43054-3025


Douglas County Attorney                  Douglas County Treasurer                 (p)GLOBAL LENDING SERVICES LLC
1819 Farnam Street                       909 Civic Center                         1200 BROOKFIELD BLVD STE 300
Civic Center, Suite  909                 1819 Farnam Street                       GREENVILLE SC 29607-6583
Omaha, NE 68183-1000                     Omaha, NE 68183-1000


Internal Revenue Service                 Kenneth Zelasney                         LightStream, a division of Truist Bank
Centralized Insolvency Operation         PO Box 3                                 Po Box 1847
P.O. Box 7346                            Treynor, IA 51575-0003                   Wilson, NC 27894-1847
Philadelphia, PA 19101-7346


Lilly Timm                               Metro Credit Union                       (p)NEBRASKA DEPARTMENT OF REVENUE
14712 Erskine St                         Attn: Bankruptcy                         ATTN ATTENTION BANKRUPTCY UNIT
Omaha, NE 68116-5121                     Po Box 390696                            PO BOX 94818
                                         Omaha, NE 68139-0696                     LINCOLN NE 68509-4818


Nebraska Spine Hospital                  Pentagon FCU                             Public Storage
6901 N 72nd St, Suite 20300              Attn: Bankruptcy                         4110 N 129th St
Omaha, NE 68122-1755                     Po Box 1432                              Omaha, NE 68164-1809
                                         Alexandria, VA 22313-1432


Sofi Bank, National Association          Sofi Lending Corp/MOHELA                 The Bank of Tioga
Resurgent Capital Services               Attn: Bankruptcy                         7 N Main St
PO Box 10587                             Po Box 1022                              Tioga, ND 58852
Greenville, SC 29603-0587                Chesterfield, MO 63006-1022
```

| | | |
|---|---|---|
| Truist Bank<br>Attn: Bankruptcy<br>214 N Tryon St<br>Charlotte, VA 28202-2374 | (p)US BANK<br>PO BOX 5229<br>CINCINNATI OH 45201-5229 | (p)VERIDIAN CREDIT UNION<br>P O BOX 6000<br>WATERLOO IA 50704-6000 |
| Verizon<br>500 Techknowledge Dr<br>Ste 500<br>Weldon Spring, MO 63304 | West Gate Bank<br>6003 Old Cheney Rd<br>Lincoln, NE 68516-3591 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank Of America<br>Attention: Recovery Department<br>4161 Peidmont Pkwy.<br>Greensboro, NC 27410 | Bankers Healthcare Group, LLC<br>201 East Las Olas Blvd<br>Suite 1110<br>Fort Lauderdale, FL 33301 | Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 |
| (d)Chase Card Services<br>Attn: Bankruptcy<br>Po Box 15298<br>Wilmington, DE 19850 | Christopher J. Cali, Esq.<br>Cali Law Offices, LLC<br>201 Solar St<br>Syracuse, NY 13204 | Global Lending Services LLC<br>Attn: Bankruptcy<br>Po Box 10437<br>Greenville, SC 29603 |
| Nebraska Department of Revenue<br>Attn: Bankruptcy Unit<br>P.O. Box 94818<br>Lincoln, NE 68509-4818 | US Bank<br>Bankruptcy Department<br>PO Box 5229<br>Cincinnati, OH 45201 | Veridian Credit Union<br>Attn: Bankruptcy<br>P.O. Box 6000<br>Waterloo, IA 50704 |

End of Label Matrix
Mailable recipients    34
Bypassed recipients     0
Total                  34